Slip Op. 16-115

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **FRESH GARLIC PRODUCERS ASSOCIATION, CHRISTOPHER RANCH, L.L.C., THE GARLIC COMPANY, VALLEY GARLIC, and VESSEY AND COMPANY, INC.,**<br><br>Plaintiffs,<br><br>**HEBEI GOLDEN BIRD TRADING CO. LTD., CHENGWU COUNTY YUANXIANG INDUSTRY & COMMERCE CO., LTD., QINGDAO XINTIANFENG FOODS CO., LTD., SHENZHEN BAINONG CO., LTD., YANTAI JINYAN TRADING, INC., JINING YIFA GARLIC PRODUCE CO., LTD., JINAN FARMLADY TRADING CO., LTD., and WEIFANG HONGQIAO INTERNATIONAL LOGISTICS CO., LTD.,**<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant,<br><br>**SHENZHEN XINBODA INDUSTRIAL CO., LTD., JINXIANG MERRY VEGETABLE CO., LTD., and CANGSHAN QINGSHUI VEGETABLE FOODS CO., LTD.,**<br><br>Defendant-Intervenors. | **Before:  Jane A. Restani, Judge**<br><br>**Consol. Court No. 14-00180** |

## <u>OPINION</u>

[Petition for writ of mandamus in antidumping duty administrative review is denied.]

Dated:  December 6, 2016

Michael J. Coursey, John M. Herrmann, II, and Joshua R. Morey, Kelley Drye & Warren, LLP, of Washington, DC, for plaintiffs.

Robert T. Hume, Hume & Associates, LLC, of El Prado, NM, for consolidated plaintiffs Hebei Golden Bird Trading Co. Ltd., Qingdao Xintianfeng Foods Co., Ltd., Shenzhen Bainong Co., Ltd., Yantai Jinyan Trading, Inc., Jining Yifa Garlic Produce Co., Ltd., Jinan Farmlady Trading Co., Ltd., and Weifang Hongqiao International Logistics Co., Ltd.

Yingchao Xiao and Jianquan Wu, Lee & Xiao, of San Marino, CA, for consolidated plaintiff Chengwu County Yuanxiang Industry & Commerce Co., Ltd.

Richard P. Schroeder, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.  Of counsel on the brief was Khalil N. Gharbieh, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

Gregory S. Menegaz, J. Kevin Horgan, and Alexandra H. Salzman, deKieffer & Horgan, PLLC, of Washington, DC, for defendant-intervenor Shenzhen Xinboda Industrial Co., Ltd.

John J. Kenkel, deKieffer & Horgan PLLC, of Washington, DC, for defendant-intervenors Jinxiang Merry Vegetable Co., Ltd. and Cangshan Qingshui Vegetable Foods Co., Ltd.

Restani, Judge:  This matter is before the court on Consolidated Plaintiff Shenzhen Xinboda Industrial Co., Ltd.'s ("Xinboda") Petition for Writ of Mandamus 1–2, ECF No. 107 ("Mandamus Petition"), requesting the court to order the U.S. Department of Commerce ("Commerce") to not reopen the administrative record in the underlying eighteenth annual administrative review of fresh garlic from the People's Republic of China ("PRC").  Also before the court is the Defendant's Partial Consent Motion for an Extension of Time to File Remand Results and for an Am. Scheduling Order 1, ECF No. 105 ("Extension of Time Motion").  For the reasons stated below, the Mandamus Petition is denied and the Extension of Time Motion is granted.

## BACKGROUND

On November 16, 1994, Commerce published an antidumping ("AD") duty order

covering fresh garlic from the PRC.  Antidumping Duty Order:  Fresh Garlic from the People's

Republic of China, 59 Fed. Reg. 59,209, 59,209 (Dep't Commerce Nov. 16, 1994).  On June 30,

2014, Commerce issued its final results for the eighteenth Antidumping Duty Administrative

Review of the order, concerning the period of review from November 1, 2011 through October

31, 2012.  Fresh Garlic from the People's Republic of China:  Final Results and Partial

Rescission of the 18th Antidumping Duty Administrative Review; 2011-2012, 79 Fed. Reg.

36,721, 36,721 (Dep't Commerce June 30, 2014) ("Final Results").  In the Final Results,

Commerce selected the Philippines as the surrogate country for calculating the normal value of

fresh garlic from the PRC.  Issues and Decision Memorandum for the Final Results of

Antidumping Duty Administrative Review:  Fresh Garlic from the People's Republic of China;

2011–2012 Administrative Review at 5–10, PD 361 (June 23, 2014).  Among several challenges

to the Final Results, Xinboda contested Commerce's selection of the Philippines as the surrogate

country.  Consol. Pl. Shenzhen Xinboda Indus. Co., Ltd. Mem. in Supp. of Mot. for J. on the

Agency R. 3–41, ECF No. 44-2.  The court concluded that Commerce's determination that the

Philippines was an economically comparable significant producer, and thus an appropriate

surrogate country, was not supported by substantial evidence, and remanded for reconsideration

of the issue of surrogate country selection.  Fresh Garlic Producers Ass'n v. United Sates, 121 F.

Supp. 3d 1313, 1340, 1342 (CIT 2015) ("FGPA I").

On remand, Commerce once again selected the Philippines as the surrogate country.

Final Results of Redetermination Pursuant to Remand 11–12, ECF No. 88-1 ("Remand

Results"). Xinboda again challenged Commerce's use of the Philippines as the surrogate

country. Consol. Pl. Shenzhen Xinboda Indus. Co., Ltd. Cmts. on U.S. Dep't of Commerce

Remand Redetermination 2–15, ECF No. 92. The court again concluded that Commerce's

selection of the Philippines as the surrogate country was not supported by substantial evidence,

and remanded the matter to Commerce. Fresh Garlic Producers Ass'n v. United Sates, Consol.

Ct. No. 14-00180, 2016 WL 3693715, at *5, *7 (July 7, 2016) ("FGPA II").

On July 25, 2016, Commerce announced that it would reopen the administrative "record

for the limited purpose of providing interested parties the opportunity to propose new and

comment on existing surrogate country candidates and surrogate values for the above-referenced

proceeding." Mem. on Reopening Administrative R. at 1, bar code 3490396-01 (July 25, 2016).

Commerce set a deadline of four days, or until July 29, 2016, for the parties to propose new

surrogate country candidates and comment on the existing candidates. Id. Not all interested

parties were initially notified of this opportunity, so Commerce extended the deadline to August

8, 2016. First Extension of the Deadline for Submissions Relating to Surrogate Country

Selection and Surrogate Values at 1, bar code 3494650-01 (Aug. 3, 2016). On August 5, 2016,

Xinboda objected to Commerce reopening the administrative record and requested an extension

of time to submit surrogate country comments and information. Xinboda's Obj. to Reopening

the R. and Req. for Extension of Time at 1, 5, bar code 3495017-01 (Aug. 5, 2016). Commerce

declined to alter its decision to reopen the record, but extended the deadline for submissions to

August 15, 2016. Second Extension of the Deadline for Submissions Relating to Surrogate

Country Selection and Surrogate Values at 1, bar code 3495189-01 (Aug. 5, 2016). Xinboda

timely filed new factual information and reiterated its objection to Commerce reopening the

administrative record.  Xinboda's New Factual Information at 1–2, bar code 3498074-01 (Aug. 15, 2016).

On August 25, 2016, the government filed a partial consent motion to extend the time to file remand results.  Extension of Time Motion at 1.  On August 29, 2016, Xinboda made the instant petition for writ of mandamus.  Mandamus Petition at 1.  On September 13, 2016, Xinboda filed its opposition to the government's Extension of Time Motion on the grounds that Commerce cannot reopen the administrative record, the same grounds on which Xinboda based its Mandamus Petition.  Consol. Pl. Shenzhen Xinboda Indus. Co., Ltd. Obj. to Gov't's Partial Consent Mot. for Extension of Time 1–2, ECF No. 108.  On September 19, 2016, the court stayed consideration of the government's Extension of Time Motion until its disposition of Xinboda's Mandamus Petition.  Order 2, ECF No. 109.

The parties disagree as to whether Xinboda has satisfied the requirements for mandamus relief.  See Consol. Pl. Shenzhen Xinboda Indus. Co., Ltd. Mem. in Supp. of Pet. for Writ of Mandamus 5–24, ECF No. 107-1 ("Xinboda Br."); Def.'s Resp. in Opp'n to Consol. Pl. Xinboda's Pet. for a Writ of Mandamus 8–18, ECF No. 110 ("Gov't Br.").  In addition, the government argues that Xinboda cannot challenge Commerce's decision to reopen the administrative record because that decision was not a "final agency action."  Gov't Br. at 5–8.

## JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c).

## DISCUSSION

The court has authority to issue a writ of mandamus under 28 U.S.C. §§ 1361, 1651(a). See 28 U.S.C. § 1585 (giving the court "powers in law and equity of, or as conferred by statute

upon, a district court of the United States").  "The remedy of mandamus is a drastic one, to be

invoked only in extraordinary situations."  In re Procter & Gamble Co., 749 F.3d 1376, 1378

(Fed. Cir. 2014) (quoting Kerr v. U.S. Dist. Court for N. Dist. of Cal., 426 U.S. 394, 402 (1976)).

A party seeking mandamus must show a "clear and indisputable right to relief,"[1] and that it

"lack[s] adequate alternative means to obtain the relief it seeks."  Id. (internal quotation marks

omitted) (quoting Cheney v. U.S. Dist. Ct. for D.C., 542 U.S. 367, 380 (2004); Mallard v. U.S.

Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 309 (1989)); see In re Genetech, Inc., 566 F.3d

1338, 1341 (Fed. Cir. 2009).  In addition, "the issuing court, in the exercise of its discretion,

must be satisfied that the writ is appropriate under the circumstances."  In re Procter & Gamble,

749 F.3d at 1378 (quoting Cheney, 524 U.S. at 381).

## I.      Xinboda Has Not Shown That It Has a Clear and Indisputable Right to Relief

Xinboda argues that it has a clear and indisputable right to relief because Commerce has

"a duty to conduct its second remand proceeding based on the existing agency record."  Xinboda

Br. at 15.  Xinboda relies on 19 U.S.C. § 1516a(a)(2), which provides that, inter alia, judicial

review of Commerce's final determination in an administrative review is to be made upon the

administrative record.  Id. at 6–8.  Xinboda notes that the circumstances in which the court

departs from this rule are limited and argues that no exception applies in this case.  Id. at 8–15.

The government responds that allowing Commerce to reopen the administrative record on

remand is not inconsistent with conducting judicial review on the administrative record.  Gov't

---

[1] Xinboda addresses this element in terms of having a clear right to relief, and Commerce having
a clear duty to act.  Xinboda Br. at 6, 15.  Because controlling case law analyzes this element in
terms of right to relief, and because, in this case, right to relief and duty to act are two sides of
the same coin, the court addresses them together.

Br. at 11.  The government further argues that Commerce has the discretion to reopen the

administrative record unless the court forbids it and that the court has not done so here.  Id. at 8–

10.

     Xinboda does not have a clear and indisputable right to a second remand proceeding to

consider new surrogate country candidates, without a reopened record.  The court may conduct

any review of Commerce's actions on the record even if Commerce reopens the record—the two

principles are consistent.  "The purpose of limiting [judicial] review to the record actually before

the agency is to guard against courts using new evidence to 'convert the . . . standard into

effectively de novo review.'"  Ass'n of Am. Sch. Paper Suppliers v. United States, 34 CIT 31,

34, 683 F. Supp. 2d 1317, 1321 (2010) (quoting Murakami v. United States, 46 Fed. Cl. 731, 735

(2000)).  Because Commerce will have considered any evidence made part of the reopened

administrative record in issuing its remand results, any judicial review of those results will not be

de novo.

     Furthermore, Commerce generally may reopen the administrative record on remand.  See

NTN Bearing Corp. of Am. v. United States, 25 CIT 118, 124, 132 F. Supp. 2d 1102, 1107 (CIT

2001) ("As long as the Court does not forbid Commerce from considering new information, it

remains within Commerce's discretion to request and evaluate new data" on remand.); cf.

Nippon Steel Corp. v. Int'l Trade Comm'n, 345 F.3d 1379, 1382 (Fed. Cir. 2003) ("Whether on

remand the Commission reopens the evidentiary record, while clearly within its authority, is of

course solely for the Commission itself to determine.").   The court here did not forbid

Commerce from reopening the administrative record, thus, Commerce is permitted to do so.  See

FGPA II, 2016 WL 3693715, at *7 ("[T]he court remands this matter to Commerce to address

surrogate country selection."). Indeed, the court has previously considered the possibility that

Commerce might reopen the record in this case. See FGPA I, 121 F. Supp. 3d at 1340 n.17

("Upon remand, Commerce can decide to compile a second list of potential surrogate

countries."). Although the court's permission is not required for Commerce to reopen the

administrative record on remand, that the court explicitly considered the possibility further

suggests that Commerce may do so now. Because Commerce is permitted to reopen the

administrative record, Xinboda does not have a clear and indisputable right to a remand

determination based on the prior record.[2]  Thus, Xinboda's petition for writ of mandamus does

not meet the first required element.  Even if Xinboda satisfied this element, Xinboda has not

shown that it satisfies the second required element.

## II.    Xinboda Has an Adequate Alternative Remedy

Xinboda argues it has no adequate alternative remedy because reopening the

administrative record will stretch out the remand proceedings, leading to increased burden and

expenses for Xinboda, and a delayed date of final liquidation. Xinboda Br. at 16–17. Xinboda

also argues that Commerce's decision to reopen the record violates the due process clause of the

Fourteenth Amendment of the U.S. Constitution. Consol. Pl. Shenzhen Xinboda Indus. Co., Ltd.

Mandamus Reply Br. 11–12, ECF No. 113.[3] The government responds that Xinboda can raise

---

[2] Xinboda also argues that allowing Commerce to reopen the administrative record violates the
rule of mandate, because doing so is outside the court's decision in FGPA II.  See Xinboda Br. at
12–15 (citing Corus Staal BV v. U.S. Dep't of Commerce, 27 CIT 1180, 1184–85, 279 F. Supp.
2d 1363, 1367–68 (2003)).  As noted, however, Commerce reopening the record is consistent
with the court's decision in FGPA II.  Thus, Xinboda's argument fails.

[3] Because Xinboda raises this argument for the first time in its reply brief, Xinboda waived the
argument and the court does not address it.  See Novosteel SA v. United States, Bethlehem Steel
Corp., 284 F.3d 1261, 1273–74 (Fed. Cir. 2002).

objections after Commerce issues its second remand results.  Gov't Br. at 13–14.  In addition, the

government contends that the burden and expense on Xinboda, and a delayed date of final

liquidation, do not make the opportunity to raise objections after the second remand results an

inadequate remedy.  Id. at 14–15.

Xinboda has an adequate alternative remedy to the court issuing a writ of mandamus—

to wait until Commerce issues its second remand results to make any challenges to Commerce's

decision.  See 28 U.S.C. § 1581(c).  Although Xinboda rightly notes that this may delay a final

determination on the already lengthy eighteenth administrative review, the burden and expense

on Xinboda, and a delayed date of final liquidation, do not make this alternative remedy

inadequate.

First, the burden and expense of litigation generally does not render an alternative remedy

inadequate.  See, e.g., In re Orange, S.A., 818 F.3d 956, 964 (9th Cir. 2016) ("While [petitioner]

may incur litigation expenses in the interim, that reason alone is insufficient to conclude that,

absent a writ of mandamus, it has no adequate means of relief. . . . [L]itigation costs are a factor

weighing in favor mandamus relief only in the most extreme circumstances.").  Xinboda has not

shown that the burden and expense it may incur in responding to new surrogate country

candidates is particularly onerous.  Thus, here, the court concludes that the burden and expense

on Xinboda, which is simply part of the administrative process, does not render the alternative

remedy inadequate.

Second, a delayed date of final liquidation does not make inadequate the alternative

remedy of waiting to make challenges until Commerce issues the second remand results.

Xinboda relies on Decca Hospitality Furnishings, LLC v. United States, 30 CIT 357, 363, 366

427 F. Supp. 2d 1249, 1255, 1258 (2006), where the court concluded that the plaintiff's receipt

upon final liquidation of a refund plus interest for overpayment of cash deposits was not an

adequate substitute for mandamus of Commerce to immediately adjust the plaintiff's unlawful

cash deposit rate from 198.08% to 6.65%.  The court relied on the fact that the 198.08% cash

deposit rate excluded plaintiff from the U.S. market entirely.  Id. at 366, 427 F. Supp. 2d at 1258.

Xinboda, however, has not shown that it currently faces such an extreme situation.  Although

Commerce's potential selection of a surrogate country other than those originally considered in

the record could negatively affect Xinboda, this negative effect is not relevant to the Mandamus

Petition.  Were Xinboda to successfully challenge Commerce's decision to reopen the record

after the issuance of the second remand results, Xinboda would not then have suffered any

negative consequences other than the burden and expense of participating in the administrative

proceedings.  As discussed above, these are insufficient to make Xinboda's alternative remedy

inadequate.  Given that Xinboda has an adequate alternative remedy, and no clear and

indisputable right to relief, Xinboda's Mandamus Petition fails.[4]

## CONCLUSION

For the foregoing reasons, the court denies Xinboda's Mandamus Petition.  In addition,

because of the extra time required for the parties to respond to the enlarged administrative

record, the court grants the government's Extension of Time Motion.  Commerce shall have until

---

[4] The government makes two other arguments for why Xinboda's Mandamus Petition fails:
(1) mandamus is not appropriate under the circumstances, Gov't Br. at 16–18; and
(2) Commerce's decision to reopen the administrative record is not a "final agency action"
subject to judicial review, id. at 5–8.  Because the court concludes that Xinboda's petition fails
on the two independent grounds discussed above, the court does not address the government's
other arguments.

February 6, 2017, to file its remand results.  The parties shall have until March 8, 2017, to file

objections, and the government shall have until March 22, 2017, to file its response.


Dated: December 6, 2016                              /s/ Jane A. Restani
      New York, New York                             Jane A. Restani
                                                 Judge